## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
### www.flsb.uscourts.gov

In re:                                              Case No. 17-12128-AJC

LUZ MARINA MONTOYA,                                 Chapter 13

        Debtor.

_____/

GABRIEL LOPERA,                                     Adv. Pro. No. _____-AJC

        Plaintiff \ Creditor,
v.

LUZ MARINA MONTOYA,

        Defendant \ Debtor.

_____/

## COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF A DEBT

**PLAINTIFF GABRIEL LOPERA** ("Lopera"), by and through his undersigned counsel, sues the Defendant **LUZ MARINA MONTOYA** ("Montoya") pursuant to 11 U.S.C. § 523 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, to determine the dischargeability of a particular debt, and in support thereof alleges as follows:

1. This adversary proceeding is brought by the Plaintiff to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334(b).

3. This is a core proceeding for which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(A) and (I).

*Lopera v. Montoya; In Re Montoya, CaseNo. 17-12128-AJC*

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5. On or about February 22, 2017, the Defendant Montoya filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

6. The Plaintiff Lopera is a creditor listed in the schedules of the bankruptcy petition, whose claim is also the subject of a lawsuit styled as <u>Gabriel Lopera v. Luz Marina Montoya,</u> Case No. 2016-014249 (CC-23), County Court of Miami-Dade County, Florida.

7. Plaintiff Lopera and Defendant Montoya were friends. Defendant Montoya took advantage of the parties' friendship by requesting five-thousand ($5,000) from Plaintiff Lopera.

8. To convince the Plaintiff Lopera to provide her the monies, the Defendant Montoya said she would give Plaintiff a check in exchange for five-thousand dollars in cash, and that the check would be good when he deposited it.

9. Because the Plaintiff Lopera knew the Defendant Montoya, and had been good friends with her, he trusted what she told him and gave her five thousand dollars ($5,000) cash in exchange for the check attached as Exhibit "A".

10. The Defendant Montoya represented that the check provided to the Plaintiff Lopera was good and that the account had sufficient funds to pay the Plaintiff Lopera the sum of five-thousand dollars ($5,000).

11. On or about February 19, 2013, the Plaintiff Lopera tried depositing the check, but it turned out to be on an account that could not be located (i.e. did not exist or was a closed account). This notation is reflected on the check attached as Exhibit "A". The Defendant Montoya has since admitted that the check was on a closed account.

12. The check given to the Plaintiff Lopera by the Defendant Montoya was worthless, could not be re-deposited, and has not been repaid.

13.  Plaintiff Lopera later asked Defendant Montoya why she gave him the worthless check attached as Exhibit "A", and she stated that the Plaintiff Lopera didn't need the money and could afford to give her the money.

14.  The Plaintiff Lopera would not have provided the Defendant Montoya any monies if he had known that her check attached as Exhibit "A" would be worthless and that the Defendant Montoya never had any intention of repaying the monies.

15.  The Plaintiff Lopera relied upon the Defendant Montoya's misrepresentations regarding the check in giving her the five-thousand dollars.

16.  The representations made by the Defendant Montoya were false, of a material fact(s), and made for the purpose of inducing the Plaintiff Lopera into providing monies to the Defendant Montoya; and without any intention of ever repaying the monies.

17.  The material misrepresentations were made recklessly and\or deliberately with the intent of inducing Plaintiff Lopera into acting in justifiable reliance; and Plaintiff justifiably and detrimentally relied upon the misrepresentations and suffered damages as a direct and proximate result thereof.

18.  The Defendant Montoya's material misrepresentations were intentional, willful, and/or with reckless and wanton disregard for the rights of the Plaintiff Lopera.

19.  The Defendant Montoya made to the Plaintiff Lopera, a knowing and willful misrepresentation, or knowing and willful omission, of material fact(s).

20.  At that the time of the representations, Defendant Montoya had no intention of repaying the monies and/or otherwise keeping her promises; and her intent was to deprive the Plaintiff Lopera of five-thousand dollars ($5,000) through the deceit of providing a worthless check.

21.  The Defendant Montoya made such misrepresentation(s) and/or omission(s) with the

unlawful intent to commit a theft of the Plaintiff Lopera's property by deceit and by depriving the Plaintiff Lopera of the property, either temporarily or permanently, or by appropriating the property to the Defendant's use or the use of someone else not entitled thereto.

22.   The Plaintiff Lopera was thereby induced to part with or give up or convey the property with resulting damage or injury to the Plaintiff Lopera.

23.   On or about June 10, 2016, the Plaintiff Lopera (through counsel) made a demand upon the Defendant Montoya in accordance with Florida Statute § 772.11 (Civil remedy for theft) for repayment of his damages and/or the worthless check.  A copy of the demand letter that was sent via e-mail, U.S. Mail, and Certified Mail, is attached hereto as Exhibit "B".

24.   The Defendant Montoya ignored the Plaintiff Lopera's demand and has refused to repay the monies taken earlier from the Plaintiff Lopera.

25.   The Plaintiff has either performed or is excused from performing all obligations and conditions precedent prior to filing this action; has retained the undersigned counsel to prosecute this action; and has agreed to pay the undersigned counsel a reasonable fee for his services.

26.   Pursuant to Fla.Stat. § 772.11, the Plaintiff Lopera is entitled to threefold the actual damages sustained, together with reasonable attorney's fees and court costs.   Therefore, the Defendant Montoya owes the Plaintiff Lopera the unpaid amounts of the check, treble damages, interest, court costs and/or attorney's fees.

27.   The Defendant Montoya obtained money from the Plaintiff by false pretenses, a false representation, and/or actual fraud, other than a statement respecting the Defendant Montoya's financial condition.

28.   The Defendant Montoya also obtained the money from the Plaintiff by fraud and/or larceny; and has caused willful and malicious injury to the Plaintiff.

*Lopera v. Montoya; In Re Montoya, CaseNo. 17-12128-AJC*

29.  For the reasons stated above, pursuant to 11 U.S.C. § 523, all or part of the debt which the Defendant Montoya owes to the Plaintiff Lopera is not dischargeable.

WHEREFORE, Plaintiff **GABRIEL LOPERA**, respectfully requests that this Court take jurisdiction over this matter, determine the debt, and enter judgment against the Defendant **LUZ MARINA MONTOYA** finding that the debt is not dischargeable together with the appropriate amount thereof, together with such other and further relief as the Court deems fair and just.

Respectfully Submitted,

MARK E. BUECHELE, ESQ.
Attorney For Plaintiff\Creditor
P.O. Box 552135
Davie, FL 33355-2135
Telephone: (305) 926-7455
Facsimile: (954) 236-6455
MarkBuechele@msn.com

By:  /s/ Mark E. Buechele
   MARK E. BUECHELE
   Florida Bar No. 906700



**UN LOCATE ACCT**
Do Not Re-deposit

\*091000019\*
02/21/2013
3351537138

This is a LEGAL COPY
of your check. You can
use it the same way
you would use the
original check.

ETURN REASON-E
JNABLE TO LOCATE
ACCT

LUZ MARINA MONTOYA
3825 N COUNTRY CLUB DR., APT. 2208
MIAMI, FL 33180-1715

1404

DATE Feb/15/2013

PAY TO THE
ORDER OF *Gabriel Jaime loperc* | $5,000

*cinco mil dollars* DOLLARS

**Washington Mutual**

Washington Mutual Bank, FA
Aventura Financial Center 1752
19495 Biscayne Boulevard
Aventura, FL 33180

NOTES

⑆ 267084131⑆ 098158497 5⑈ 1404

⑆ 267084131⑆ 098158497 5⑈ 1404    ⑈0000 500000⑈

ENDORSE HERE
*Gabriel O. lopera*
*for deposit*
1010 226737793

DO NOT WRITE STAMP OR SIGN BELOW THIS LINE

↓Do not endorse or write below this line.↓

Exhibit "A"

# MARK  E.  BUECHELE

ATTORNEY  AT  LAW
P.O. Box 552135
DAVIE,  FLORIDA
33355-2135

_____

TELEPHONE
(305) 926-7455

FACSIMILE
(954) 236-6455

June 10, 2016

**VIA E-MAIL, U.S. MAIL & CERTIFIED MAIL**
LUZ MARINA MONTOYA
3625 N. Country Club Drive, Apt. 2208
Aventura, FL 33180-1731
E-mail: _LuzMaMontoya21@gmail.com_

### Re:  Gabriel Lopera adv. Luz Marina Montoya

Ms. Montoya:

Please be advised that I represent Gabriel Lopera in regards to a certain worthless check issued by you on or about February 15, 2013 in the amount of $5,000. A copy of the returned check is enclosed with the bank notation stating "Un Locate Acct", indicating that the account did not exist and/or that the check was fraudulent and/or a forgery. It is my understanding that after the worthless check was returned, you acknowledged the fraud to Mr. Lopera claiming that he had enough money and did not need any more. As a licensed real estate sales associate with Optimar Realty Group in Sunny Isles Beach, you (more than others) should appreciate the implications of such misconduct.

Pursuant to Florida Statute § 772.11 (Civil remedy for theft), demand is hereby made on behalf of Mr. Lopera, for treble damages of fifteen thousand dollars ($15,000), to be paid to the "Mark E. Buechele, Esq. Trust Account." If this amount is paid within 30 days after receipt of this letter, you will be given a written release from any further civil liability for the worthless check. Failure to pay the above amount or to make other satisfactory arrangements to resolve the worthless check will result in a lawsuit against you for three times the amount of the check (i.e. $15,000), plus interest, court costs and attorneys' fees. If you have any questions or comments, please feel free to contact me at (305) 926-7455 or by e-mail at _MarkBuechele@msn.com_.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Sincerely,

Mark E. Buechele, Esq.
Florida Bar No. 906700

Enclosure (Returned Check No. 1404)
cc: Gabriel Lopera

Exhibit "B"

*091000019*
02/21/2013
3351537138

This is a LEGAL COPY
of your check. You can
use it the same way
you would use the
original check.

RETURN REASON-E
UNABLE TO LOCATE
ACCT

Do Not Re-deposit

358055872 02/19/2013

LUZ MARINA MONTOYA
3625 N COUNTRY CLUB DR., APT. 2208
MIAMI, FL 33180-1715

83-3413/3670
0981584975

1404

Date Feb/15/2013

PAY TO THE
ORDER OF  Gabriel   Acine  loperc   | $ 5,000

cincu  mil  dollars

DOLLARS

Washington Mutual

Washington Mutual Bank, FA
Aventura Financial Center 1752
19405 Biscayne Boulevard
Aventura, FL 33180

1-800-788-7000
24 Hour Customer Service

NOTES

⑈:267084131⑈: 0981584975⑈" 1404

⑈:267084131⑈:   0981584975⑈" 1404      ⑈"0000500000,

The security features listed here as well as those

>122105278< 02/19/2013
358055872

358C555872

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE

ENDORSE HERE
Gabriel O lopera
for deposit
1010 2673 7793

*091000019*
0981000197
3351537138
02/21/2013

↓Do not endorse or write below this line.↓

Scanned by CamScanner